NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0376n.06
Filed: May 11, 2005

No. 04-1607

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| WILLIE FRANK MCMILLIAN, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| JOHN E. POTTER, Postmaster General, | ) | STATES DISTRICT COURT FOR THE |
| United States Postal Service, | ) | EASTERN DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |
| | ) | |

Before: DAUGHTREY and GIBBONS, Circuit Judges, and SARGUS, District Judge.[*]

**JULIA SMITH GIBBONS, Circuit Judge**. Plaintiff-appellant Willie Frank McMillian brought suit against his employer, the United States Postal Service, alleging sex discrimination in violation of Title VII and retaliation in violation of the Family and Medical Leave Act ("FMLA"). The district court granted summary judgment in favor of the Postal Service. McMillian now appeals, arguing that the district court erred in finding that he had not identified an adverse employment action sufficient to succeed on his discrimination and retaliation claims.

For the following reasons, we affirm the district court's grant of summary judgment in favor of the Postal Service.

---

[*]The Honorable Edmund A. Sargus, Jr., United States District Judge for the Southern District of Ohio, sitting by designation.

**I**.

McMillian is a supervisor of distribution operations at the George W. Young Postal Facility in Detroit, Michigan. Geraldine Johnson-Futrell is the Manager of Distribution Operations and is McMillian's supervisor.

On April 12, 2001, McMillian was issued a proposed letter of warning in lieu of time-off suspension. The letter asserts that McMillian was not performing his assigned duties because, for example, he allowed mail to collect without forwarding it on in a timely manner, he allowed employees under his supervision to take "extended breaks and work in a dilatory manner," and he had failed to follow time and attendance procedures with respect to the employees that he had supervised. No action was ever taken on the proposed April 12, 2001 letter of warning, although the letter did mistakenly remain in McMillian's personnel file for over one year.

This letter noted four previous letters of warning that had been issued to McMillian, including two proposed letters of warning in lieu of time-off suspension dated September 1, 1999 and October 14, 1999, both of which had been rescinded. These letters had been issued due to McMillian's absence from work for fifty-two hours on August 16 through August 18, 1999 and sixty-eight hours between August 30 and September 12, 1999. McMillian had called in sick on these days, but had refused to provide medical documentation when it was requested from Johnson-Futrell. The October 14 letter stated that McMillian was being considered absent without official leave with respect to the sixty-eight hours of absence taken between August 30 and September 12. McMillian had filed a Family and Medical Leave Act claim with the United States Department of Labor regarding the October 14 letter. Postal Service personnel reconsidered McMillian's leave

time and the letter in light of his FMLA claim and decided to rescind the October 14 letter and compensate McMillian for the period of time that he had been designated AWOL.

On April 30, 2001, McMillian completed an Information for Precomplaint Counseling form regarding the April 12, 2001 letter. On June 14, 2001, McMillian filed a complaint with the Equal Employment Opportunity Commission regarding the April 12, 2001 proposed letter of warning, claiming that the Postal Service, in issuing him the letter, discriminated against him on the basis of his sex. The EEOC dismissed this complaint based on the fact that the April 12, 2001 letter was a proposed agency action which had not yet been implemented. McMillian filed a request with the EEOC to reconsider its decision, which the EEOC denied on October 28, 2002.

On January 22, 2003, McMillian filed a complaint in the Eastern District of Michigan against John Potter, the Postmaster General of the Postal Service, and Johnson-Futrell, his supervisor, alleging employment discrimination in violation of Title VII, 42 U.S.C. § 2000e *et seq.* and violation of the FMLA, 29 U.S.C. § 2611 *et seq.* McMillian partially dismissed with prejudice his FMLA claim against Johnson-Futrell on December 22, 2003 due to the fact that Johnson-Futrell was an improper party pursuant to this court's reasoning in *Mitchell v. Chapman*, 343 F.3d 811 (6th Cir. 2003).

The Postal Service filed a motion for summary judgment on both of McMillian's claims on January 30, 2004. McMillian filed a motion for partial summary judgment with respect to the Postal Service's liability on the FMLA claim. The district court held a hearing on the motions on April 2, 2004, and on April 8, 2004, without any accompanying explanation, granted the Postal Service's motion for summary judgment in full and denied McMillian's summary judgment motion.

McMillian timely appealed the district court's grant of summary judgment in favor of the Postal

Service on May 6, 2004.

## II.

This court reviews a district court's decision to grant summary judgment *de novo. DiCarlo*

*v. Potter*, 358 F.3d 408, 414 (6th Cir. 2004). Under Rule 56(c) of the Federal Rules of Civil

Procedure, summary judgment is appropriate if "'the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to judgment as a matter

of law.'" *Thacker v. City of Columbus,* 328 F.3d 244, 252 (6th Cir. 2003) (quoting Fed. R. Civ. P.

56(c)). A dispute over a material fact is "'genuine'" if "a reasonable jury could return a verdict for

the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In reviewing

the district court's decision granting summary judgment, this court draws all justifiable inferences

in favor of the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574,

587 (1986).

The district court prepared a written order granting the Postal Service's motion for

summary judgment and denying the plaintiff's motion for summary judgment. However, the order

contains no articulation whatever of the reasons for granting summary judgment in favor of the

Postal Service. We have emphasized how essential it is for district courts to provide an explanation

of the basis for disposing of a case, both for the parties in deciding prudent legal strategy and for the

appellate court in reviewing the decision. *See Peck v. Bridgeport Machs., Inc.*, 237 F.3d 614, 617

(6th Cir. 2001) ("This reviewing court, and more importantly, the parties, are much better served

when, as is the custom in this circuit, the district court prepares a written opinion explaining its ruling and the reasoning, factual and legal, in support, especially when the ruling disposes of the case in a final judgment.").

Fortunately for us, and perhaps unfortunately for the plaintiff-appellant, the basis for disposal of the case is so patently obvious that even a cursory review of the case reveals a solid basis for affirming the disposition below. McMillian has failed to identify an adverse employment action, and this failure is fatal to his case. In order to establish a prima facie case of gender discrimination under Title VII, a plaintiff must show that (1) he is a member of a protected class, (2) he was subject to an adverse employment action, (3) he was qualified for the position, and (4) he was treated differently than similarly situated employees outside the plaintiff's protected class. *Smith v. City of Salem*, 378 F.3d 566, 570 (6th Cir. 2004). In order to establish a claim of retaliation under FMLA, a plaintiff must show that (1) he availed himself of a protected right under the FMLA, (2) he was adversely affected by an employment decision, and (3) a causal connection exists between the exercise of the FMLA right and the adverse employment action. *Skrjanc v. Great Lakes Power Serv. Co.*, 272 F.3d 309, 314 (6th Cir. 2001). Thus, an adverse employment action is essential to the survival of either of McMillian's claims.

Not every act affecting an individual's employment can be considered an adverse employment action. *See Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 761 (1998). A *de minimis* employment decision is not sufficient to support a Title VII claim. *White v. Burlington N. & Santa Fe Ry. Co.*, 364 F.3d 789, 795 (6th Cir. 2004) (en banc). Likewise, simply because an employee is made unhappy by an action does not mean that he has identified an adverse employment action.

*Primes v. Reno*, 190 F.3d 765, 767 (6th Cir. 1999). Rather, an adverse employment action must work a "materially adverse change in the terms and conditions of [plaintiff's] employment." *Hollins v. Atl. Co.*, 188 F.3d 652, 662 (6th Cir. 1999). In contrast, "reassignments without salary or work hour changes do not ordinarily constitute adverse employment decisions in employment discrimination claims." *Kocsis v. Multi-Care Mgmt. Inc.*, 97 F.3d 876, 885 (6th Cir. 1996). Such reassignments may be considered adverse employment actions, however, if they function as a demotion, evidenced by "a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices that might be unique to a particular situation." *Id.* at 886.

The April 12, 2001 proposed letter of warning in lieu of suspension cannot meet the definition of an adverse employment action. First, as the EEOC noted in rejecting McMillian's complaint, the letter was a mere proposed action. No further disciplinary action was ever instituted against McMillian, and the proposed letter was ultimately removed from McMillian's personnel file, albeit with greater delay than necessary due to some oversight on the part of the Postal Service. There can be no argument that the April 12, 2001 proposed letter involved salary or work hour changes nor that the proposed letter was tantamount to a demotion; during the time that the April 12, 2001 proposed letter remained in McMillian's personnel file, he was not denied a raise nor did he seek a higher level position. The only repercussion McMillian can identify which has befallen him as a result of the April 12, 2001 proposed letter is humiliation, a consequence insufficient to enable him to meet the adverse employment action requirement. *Kocsis*, 97 F.3d at 886 (holding

that a "mere inconvenience or an alteration of job responsibilities" or a "bruised ego" is insufficient

to constitute an adverse employment action).[1]

### III.

For the foregoing reasons, we affirm the district court's grant of summary judgment in favor

of the Postal Service.

---

[1]Although McMillian argued principally in his brief and at oral argument that the April 12, 2001 proposed letter was an adverse employment action, he also lists in his complaint and appellate brief several "[a]dditional instances which Appellant claims are discriminatory." We cannot properly consider any of these incidents because McMillian failed to file an EEOC complaint with regard to any of them. *See* 42 U.S.C. § 2000e-5(e)(1) (requiring that a Title VII plaintiff file a charge with the EEOC within a specified time period after the "alleged unlawful employment practice occurred"). The Supreme Court has made it clear that with regard to discrete discriminatory practices, one must file an EEOC complaint after each such practice within the applicable time period; failure to so file will leave a plaintiff unable to bring suit in federal court based on that discriminatory act. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 110 (2002).